IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOSE SOTO, JR.,

Plaintiff,

v.

BRANDON T. MORRIS,

Defendants.

ORDER

26-cv-462-jdp

Plaintiff Jose Soto, Jr., proceeding without counsel, alleges that the security director at his former prison, defendant Brandon T. Morris, unlawfully held him in segregation and transferred him to another prison because Soto complained about his prison conditions. Dkt. 1. I allowed Soto to proceed on a First Amendment retaliation claim against Morris, but I dismissed his other claims. Dkt. 10.

Soto moves the court to reconsider its screening order and rescreen the complaint. Dkt. 11. Soto contends that I misunderstood some of his allegations and theories of relief.

If Soto is correct, most of the blame belongs with him. The complaint is written in narrative form and excessively argumentative, and it contains many redundant and immaterial allegations. Rescreening the complaint, as supplemented by Soto's motion, would only compound the confusion and create a disordered record.

The better approach is for Soto to file an amended complaint, using the court's prisoner complaint form, which the court will send him along with this order. Filing a complaint on the form is not mandatory in every prisoner case, but I have discretion to order prisoners to use the form where, as here, it promises to help them articulate their claims and to promote judicial economy. *See A. Bauer Mech., Inc. v. Joint Arb. Bd. of Plumbing Contractors' Ass's & Chi. Journeymen*

*Plumbers' Loc. Union 130, U.A.*, 562 F.3d 784, 790 (7th Cir. 2009) (courts have broad discretion to enforce local practices that enable a district court to manage its docket as efficiently as possible).

If Soto needs more space to allege his claims, then he may submit no more than eight supplemental pages. Any text or handwriting on the form or a supplemental page must not be excessively small and must contain enough space between the lines and in the margins to ensure legibility. For reference, Soto's original complaint meets this standard, but he should not use any smaller text or tighter spacing.

In drafting the amended complaint, Soto should be mindful that, to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. Rule 8(a)(2). Soto's allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(d). Soto should state his allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Soto should identify the claims he wishes to allege in the amended complaint but omit any legal arguments.

Soto should carefully consider whether he is naming proper defendants, which means that he should omit defendants who did not personally participate in or cause a violation of his federal rights. Soto must explain what each defendant did, or failed to do, to violate his rights. If there are multiple defendants, Soto should avoid referring to them collectively. For instance, if more than one defendant has taken a particular action that Soto believes supports a claim, he should identify each defendant who took that action. Soto also should identify by full name in the case caption of the amended complaint every one of the individuals whom he wishes to sue.

I will give Soto 30 days to amend his complaint, and I will extend the deadline for Morris to answer is to October 1, 2026. If Soto amends the complaint by September 28, 2026, the deadline to answer will be stayed until I screen the amended complaint, at which time I will set a new deadline to answer. If Soto does not amend the complaint by the deadline, the case will proceed on only the claim on which I allowed him to proceed in my initial screening order.

ORDER

IT IS ORDERED that:

1. Plaintiff Jose Soto, Jr.'s motion for reconsideration and rescreening, Dkt. 11, is GRANTED in part.

2. Plaintiff has until September 28, 2026, to file an amended complaint in accordance with the instructions provided in this order.

3. The deadline for defendant Brandon T. Morris to answer is extended to October 1, 2026. If plaintiff amends his complaint by September 28, 2026, the deadline to answer will be stayed until the court screens the amended complaint.

4. The amended complaint will act as a complete substitute for the original complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5. The clerk of court is directed to send plaintiff copies of this order and the court's prisoner complaint form.

Entered August 28, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge